## 12442. HOLMAN v. DRAKE.

Where a draft is given for the purchase-price of land, with the understanding that the payee of the draft is to make a deed conveying the land to the drawer, and no such deed is ever given or tendered, the maker of the draft is not liable thereon to the payee.

DECIDED JUNE 30, 1921.

Complaint; from city court of Bainbridge — Judge Spooner. April 19, 1921.

*T. S. Hawes,* for plaintiff in error.    *W. V. Custer,* contra.

BROYLES, C. J. This is a suit to recover $800, the alleged purchase-price of certain land. The amended petition shows that the defendant gave to the plaintiff a draft (signed by the defendant) for $800, in payment of certain land " bought " by the defendant from the plaintiff, and that the draft was promptly presented to the drawee, and payment thereof refused. The petition, however, when construed, as it must be, most strongly against the plaintiff, further shows that no deed to the land was ever given or tendered to the defendant. The petition therefore showed that the draft was without consideration, and that there was no right of recovery in the plaintiff; and it was error for the court to overrule the general demurrer interposed.

This ruling does not conflict with, but is supported by, the decision in *Purcell v. Armour Packing Co.,* 4 *Ga. App.* 253 (61 S. E. 138), cited and relied on by counsel for the defendant in error. That decision correctly holds: " 1. A declaration setting forth a bank check and alleging, that it was given to the plaintiff by the defendant in consideration of merchandise which the plaintiff delivered to a third person, and that the check had been duly presented for payment, and that payment thereof was refused by the drawee, sets forth a good cause of action." " 3. In a suit by a payee against a maker of a bank check, the plaintiff makes out a prima facie case by proving the execution and delivery of the check, and that it has been duly presented to the drawee for payment, and payment thereof refused. The check itself imports its own consideration, in the sense that consideration will be presumed until the contrary appears." In that case, however, it was also held: " 2. Between the immediate parties, a bank check must be supported by a consideration, in order to be enforceable against the maker." " (a) When sued thereon by the original payee, the

maker can show by parol evidence that the check is without consideration, or that the consideration has failed." " (b) A plea alleging that a check was given to the plaintiff by the defendant without any present consideration, but with the understanding that if a third person would turn certain money over to the defendant at a future time the check would be paid out of it, and further alleging that the money has never been turned over to the defendant, sets forth a good defense; and the court erred in striking the plea, on demurrer." While it was held in the *Purcell* case that the question of a consideration for the bank check was a matter of defense, and that the petition was not subject to general demurrer, this ruling was based on the fact that the petition itself did not show a failure of consideration. In the instant case, however, it clearly appears from the *petition itself,* when construed most strongly against the plaintiff, that the draft given by the defendant was without any present consideration, and was given with the understanding that the plaintiff was to make the defendant a deed to the land, and that this was never done.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*